FILED
AUG 22 2019
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL ALAN MCNULTY,<br><br>Defendant. | CR 19-51-BLG-SPW<br><br>ORDER DENYING MOTION TO SUPPRESS |

Before the Court is Defendant Michael Alan McNulty's motion to suppress evidence obtained from a traffic stop and search of his vehicle. (Doc. 23.) McNulty argues the traffic stop contravened the Fourth Amendment because the traffic stop, based on speeding and mud flap violations, was not "reasonably related in scope to the justification for the initiation" of the stop. (Doc. 24 at 7.) The United States argues the traffic stop was justified because officers observed McNulty's vehicle violating various traffic laws and McNulty himself eventually consented to the search of his pickup. (Doc. 31 at 7–8.) For the following reasons, McNulty's motion to suppress is DENIED.

I. **Factual Background**

On February 18, 2019, the Billings Police Department Street Crimes Unit received information about the sale of narcotics near the address of 665 Revolution

in Billings and began monitoring activity there. (Doc. 24 at 2.) Before encountering McNulty, officers initiated a traffic stop of a blue Subaru leaving the home which had failed to use a turn signal. A K-9 unit indicated illegal drugs were in the Subaru, and officers seized the vehicle pending application for a search warrant. (Doc. 24-2 at 1.)

Following this first traffic stop, officers resumed monitoring 665 Revolution. (*Id.*) They soon observed a dark-colored F-150 registered to McNulty leave the home with two occupants. They followed the pickup until it parked at another residence on N. 19th St. that both occupants entered for about 15 minutes. (Doc. 24 at 2.) The officers then followed the pickup to 1819 9th Ave. N., which was another house the officers knew to be involved with illegal drug activity. There the passenger exited the vehicle and entered the residence for about 5 minutes. (*Id.*)

After the pickup left the third residence, the officers continued following it. They observed it lacked mud flaps in violation of Mont. Code Ann. § 61–9–407. (*Id.*) They also observed it travelling 32 miles per hour in a 25 mile-per-hour zone. (Doc. 24-3 at 2.) The officers initiated a traffic stop near 1st St. W. and Montana Ave., and they identified the driver as Jane Doe and the passenger as McNulty. (Doc. 24 at 2.)

After initiating the traffic stop, the officers approached the vehicle, spoke with Doe, informed her of the reasons for the stop, and asked her for identifying

documents. Doe stated she did not have a driver's license because it was suspended. (Doc. 24-3 at 2.) McNulty, who was identified as the owner of the truck, verbally identified himself. The officers ran both occupants' information through dispatch and found Doe had outstanding warrants. (*Id.*) They asked her to step out of the vehicle and requested her consent to search it. She stated only McNulty could approve a search. Therefore, the officers asked McNulty to exit the pickup. (*Id.* at 2–3.)

Officer Beechie performed a pat-down search of McNulty. He felt a hard plastic case in one of McNulty's pockets that he believed resembled a "drug kit" based on his training and experience. (Doc. 24-2 at 2.) The officers asked McNulty for consent to search the pickup, which he granted. (*Id.*) Officer Beck read McNulty his Miranda rights, and McNulty advised he understood them. (Doc. 24-3 at 3.) Officer Beck asked McNulty about the object Officer Beechie felt. McNulty responded it contained "dope." (*Id.*) McNulty handed the object to the officers, and they found it contained a digital scale, multiple plastic baggies, and methamphetamine. The Officers then searched McNulty's pickup and found narcotics and other contraband. (*Id.*)

## II. Discussion

That a traffic violation alone may warrant an investigatory stop is well-settled law. *U.S. v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006); *see Heien v. North*

*Carolina*, 574 U.S. 54 (2014); *Whren v. United States*, 517 U.S. 806, 810 (1996); *Delaware v. Prouse*, 440 U.S. 648, 660 (1979). Consistent with the Fourth Amendment, an officer may "conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). "[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren*, 517 U.S. at 810.

Both McNulty and the United States agree McNulty's pickup lacked mud flaps and Doe was driving the pickup in excess of the posted speed limit. Either traffic violation alone could have justified a traffic stop. The Court concludes the traffic stop did not violate McNulty's Fourth Amendment rights.

Generously construed, McNulty also appears to argue the stop was pre-textual because the officers were actually concerned about the drug activity they had been observing. (Doc. 24 at 7.) However, this issue is also well-settled law. *See United States v. Wallace*, 213 F.3d 1216, 1219 (9th Cir. 2000) ("The fact that the alleged traffic violation is a pretext for the stop is irrelevant, so long as the objective circumstances justify the stop.") (citing *Whren*, 517 U.S. at 810). Even if officers were unconcerned about the speeding and mud flap violations, the traffic violations alone justified the stop.

Finally, McNulty argues the search of his pickup was illegal even though he consented to it because where a traffic stop violates the Fourth Amendment, "evidence obtained subsequent to an illegal investigation is tainted by the illegality and thus inadmissible, notwithstanding the suspect's consent, unless subsequent events have purged the taint." *U.S. v. Chavez-Valenzuela*, 268 F.3d 719, 727 (9th Cir. 2001), *amended*, 279 F.3d 1062 (9th Cir. 2002). The traffic stop at issue did not violate the Fourth Amendment. McNulty's consent to search his pickup is not invalid due to an illegal stop. Accordingly,

IT IS HEREBY ORDERED that the McNulty's Motion to Suppress Evidence (Doc. 23) is **DENIED**.

DATED this 22nd day of August, 2019.

SUSAN P. WATTERS
United States District Judge